IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**

**U.S. District Court**
**District of Kansas**

08/11/2026

**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

| | |
|---|---|
| YU TING HUNG, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 26-3248-JWL |
| | ) |
| SAMUEL OLSON, Director, ICE Field Office; | ) |
| MARKWAYNE MULLIN, DHS Secretary; | ) |
| DEPARTMENT OF HOMELAND SECURITY; | ) |
| TODD BLANCHE, Acting Attorney General; | ) |
| EXECUTIVE OFFICE FOR IMMIGRATION | ) |
| REVIEW; and | ) |
| Warden, Midwest Regional Reception Center, | ) |
| | ) |
| Respondents. | ) |
| | ) |
| _____ | ) |

## **MEMORANDUM AND ORDER**

Petitioner, through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which she challenges her detention by immigration officials without a bond hearing.  Respondents have filed an answer to the petition, and the deadline for a reply brief has now passed, and the matter is therefore ripe for ruling.  For the reasons set forth below, the Court **denies** the petition.

Plaintiff, a native of Taiwan, alleges in her petition that she was admitted to the United States in October 2025 under the Visa Waiver Program (VWP) established pursuant to 8 U.S.C. § 1187; that she was recently detained by immigration officials; and that she has not been afforded the opportunity to seek release on bond pursuant to 8 U.S.C. §

1226(a), which allows for discretionary release on bond prior to issuance of a final removal order.  Plaintiff claims that her present detention under 8 U.S.C. § 1225(b)(2)'s mandatory detention provision violates that statute and due process.  *See Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) (prior to issuance of a final removal order, aliens not detained at the border are not subject to Section 1225(b)(2)'s mandatory detention provision).  Petitioner notes that as part of the VWP she has waived the right to contest removal other than by an application for asylum, and she concedes that she is not subject to ordinary removal proceedings under 8 U.S.C. § 1229a; she argues nonetheless that her participation in the VWP does not make her subject to mandatory detention under Section 1225(b)(2).

In support of her argument that her present detention should be governed by Section 1226(a) (which allows for release on bond), petitioner states in her unverified petition that she has not been ordered removed.  In response, however, respondents have provided evidence that petitioner was admitted under the VWP for a period not to exceed January 1, 2026; that she remained in the United States beyond the authorized period; that she was therefore found to be subject to removal; and that she was in fact ordered removed to Taiwan on July 12, 2026, under regulations governing the VWP.  Thus, respondents argue that petitioner is subject to mandatory detention under 8 U.S.C. § 1231, which applies after an alien has been ordered removed.

Petitioner has not filed a reply brief and thus has not refuted that a final order of removal has been entered.  Accordingly, petitioner's detention is governed by Section

1231, and her claims alleging improper detention under Section 1225(b)(2) necessarily fail. The Court therefore denies the petition.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 11th day of August, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge